## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CARLOS VILLARREAL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-02404 |
| MIDLAND CREDIT MANAGEMENT, INC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CARLOS VILLARREAL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing within the Southern District of Texas.

5.   Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempt to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Comenity Bank ("Comenity").

8.    Plaintiff used his Comenity credit card to finance the purchase of various household and personal items.

9.    Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Comenity and eventually sold to Defendant for collection purposes.

10.  In an attempt to collect the subject debt, Defendant sent a letter to Plaintiff dated January 15, 2020.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11.  Defendant's January 15, 2020 letter was enclosed inside of an envelope with the words "ATTENTION REQUIRED" embossed on the envelope where these words inside of circle of words that said "IMPORTANT INFORMATION ENCLOSED" (hereafter the "Attention Required Envelope" or "Envelope")..

12. Plaintiff immediately opened the envelope upon reading "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED**.**"

13. In the body of the collection letter, Defendant stated that the "Current Balance" due for the subject debt was $576.01.

14. The Envelope's inclusion of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on its exterior created a false sense of urgency for Plaintiff who was unable to address even a portion of the subject debt, in turn creating unnecessary distress in Plaintiff.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

16. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

17. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and alleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of the FDCPA § 1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

25. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED" embossed on an envelope containing a collection letter. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### b.  Violations of FDCPA § 1692f

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. In addition, this section enumerates specific violations, such as:

"Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

28. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED" on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED." Upon information and belief, Defendant has determined that it collects more from consumers by including "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "ATTENTION REQUIRED" and "IMPORTANT INFORMATION ENCLOSED."

WHEREFORE, Plaintiff CARLOS VILLARREAL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

32. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

33. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

34. Defendant violated § 392.304(19), through its use of the Envelope, when it falsely represented to Plaintiff that he had to take immediate action concerning the subject debt.

35. Defendant used such deceptive and false representation in order to dragoon Plaintiff into making payments on the subject debt by creating a false sense of urgency.

WHEREFORE, Plaintiff, CARLOS VILLARREAL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 8, 2020                          Respectfully submitted,

                                             s/ Nathan C. Volheim (Lead Attorney)
                                             Nathan C. Volheim, Esq. #6302103
                                             Counsel for Plaintiff
                                             Admitted in the Southern District of Texas
                                             Sulaiman Law Group, Ltd.
                                             2500 South Highland Ave., Suite 200
                                             Lombard, Illinois 60148
                                             (630) 568-3056 (phone)
                                             (630) 575-8188 (fax)
                                             nvolheim@sulaimanlaw.com